would be eminently proper. A distinction should be made between such cases and the one above referred to. I also deem it proper to leave the question of a new election to the court upon the application for a *mandamus*. The time for holding it can be decided at a later date. Application denied.

---

PEOPLE *ex rel*. FLEMING *et al. v*. HART.

(*Common Pleas of New York City and County, Special Term.*   July 11, 1890.)

MANDAMUS—TO ELECT CORPORATE OFFICERS—REFEREE.

    A peremptory *mandamus* will issue to the rector of an incorporated church to join with the trustees in appointing a time for an election to fill vacancies in the offices of church-wardens and vestry-men, and to give notice thereof, as required by law, where the rector refuses to do so in order to promote a scheme for the consolidation of said church with another church, in which scheme he is personally interested; and a referee will be appointed to see that the writ is obeyed, and to act as inspector of election.

Application by Charles E. Fleming and others for a peremptory *mandamus* to compel A. Bloomer Hart, as rector and trustee of the Protestant Episcopal Church of St. Stephen, a corporation, to join with relators as trustees of said church in designating a time for the election of a church-warden and vestry-men, and to give notice thereof. The petition alleged that relators, as trustees, had requested respondent to join with them in fixing a time for said election, which he refused to do; that thereupon relators held a meeting and appointed a time for such election, and requested respondent to give the proper notice of such election, which he also refused to do. The petition further alleged that respondent was interested in a scheme for the consolidation of St. Stephen's Church with the Holy Trinity Church, by which all the property of St. Stephen's Church was to be transferred to the Holy Trinity Church, and respondent was to be made rector thereof for life, with his salary increased from $1,800 to $2,500 a year; and that his refusal to join in calling an election was for the purpose of benefiting himself, and of effectuating the proposed scheme of consolidation. The following order was entered on the decision of LARREMORE, C. J., granting the application:

"Ordered, that the said motion be granted, and that a peremptory writ of *mandamus* issue out of and under the seal of this court directed to the said defendant, A. Bloomer Hart, as rector and trustee of the said corporation, the rector, church-wardens, and vestry-men of the Protestant Episcopal Church of St. Stephen, in the city of New York, commanding him to join with the relators as trustees of the said corporation, in appointing a time for holding a special election to supply the vacancy in the office of church-warden and the six vacancies in the offices of vestry-men in said church, and directing that the said trustees, to-wit, the relators and the defendant, appoint Wednesday, July 23, 1890, at 10 o'clock in the forenoon, and immediately after the morning service in said church, as the time, and the church edifice of the said church, on Forty-Sixth street, between Fifth and Sixth avenues, in the city of New York, as the place for the holding of said special election; and directing that the defendant join with the relators in giving notice of such election to occur on July 23, 1890, as aforesaid; and directing that the defendant give said notice of said special election at the time of divine service on Sunday, July 13, 1890, and on Sunday, July 20, 1890, if he be present at such service, and that, if present at said election, he, the defendant, shall in all things relating thereto act under the supervision and superintendence of Edward M. Shepard, Esq., the referee hereinafter appointed, and commanding the defendant to do and perform such other and further act or acts as may be useful and proper in the premises. And it is further ordered, that it be referred to Edward M. Shepard, Esq., of the city of New York, to see that said peremptory writ of *mandamus* is fully obeyed, and

to be and act as inspector of such election, and the judge of the qualification of voters thereat, to supervise and superintend the same, and to see to it that said election is fairly held and conducted in all respects in accordance with the law, and that the said defendant, if he shall preside at such election, shall receive and count all lawful votes offered thereat, and shall reject all unlawful votes thereat offered, and that the said referee shall have power to administer oaths to and examine persons offering to vote at said election, and to adjourn the said election at any stage of the same to a time to be specified and announced by him, if in his discretion such adjournment shall be needful, expedient, and just, and to report his proceedings, and all matters relating to the conduct of such election, to this court with all convenient speed."

*Booraem, Hamilton & Beckett, (Daniel G. Rollins and David Bennett King,* of counsel,) for relators. *Andrew J. Shipman, (Charles Blandy,* of counsel,) for respondent.

LARREMORE, C. J.   The motion is granted, with costs, and a reference is ordered to Edward M. Shepard, Esq., to supervise and superintend a new election of the board of officers.

---

PEOPLE *ex rel.* FLEMING *et al. v.* HART.

*(Common Pleas of New York City and County, Special Term.   July 17, 1890.)*

MANDAMUS—STAY OF PROCEEDINGS.

Where a *mandamus* has been granted to hold an election to fill vacancies in the offices of vestry-men of an incorporated church, and the questions decided in granting the *mandamus* are important and fairly debatable, proceedings under the writ will be stayed until the appeal from the *mandamus* order is decided by the general term; Code Civil Proc. N. Y. § 2089, providing for a stay of proceedings under a writ of *mandamus.*

Application by A. Bloomer Hart for a stay of proceedings under the *mandamus* heretofore granted, *(ante,* 673.)

*Booraem, Hamilton & Beckett, (Daniel G. Rollins and David Bennett King,* of counsel,) for relators. *Andrew J. Shipman, (Charles Blandy,* of counsel,) for respondent.

BOOKSTAVER, J.   On the argument of the motion for a stay it was contended that the chief judge had passed upon this question when the *mandamus* proceedings were argued and submitted to him, but there is nothing in the papers to which my attention has been called from which I think it can be fairly inferred that he did pass upon that question.   There is certainly nothing to show that he refused to grant a stay.   The motion is made under section 2089 of the Code, which provides that the proceedings upon a writ of *mandamus* granted at special term may be stayed, etc.   The counsel for the defendant contends that the relators have no standing in court, and cannot maintain the *mandamus* proceedings, for the reason that they had no power to call a special election, and therefore what they did on the 23d of June, 1890, was without jurisdiction and void; that the absence of the rector from the meeting of June 23, 1890, at which the alleged resolution calling for the election was passed, renders it and all proceedings thereunder void; that this court cannot *mandamus* the defendant to join in the call for the special election, nor compel him to give notice of the proposed election; that the relators who passed the resolution were not elected at the election held on April 17, 1890, and therefore do not constitute any part of the vestry by virtue of that election; that the old vestry holds over and continues in office notwithstanding the election of the three relators, because it is impossible, as he claims, to designate the three persons they succeed; that the election of April 17, 1890, being called for the choice of eight vestry-men and two wardens, and there